

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

September 13, 1957

Honorable Robert S. Calvert,  Opinion No. WW-187.
Comptroller of Public Accounts,
Capitol Station,  Re: Whether or not the Comp-
Austin, Texas  troller may issue a
warrant for funds to be
expended at a later date
by the Runnels County
Water Improvement District
or whether or not the
Comptroller should require
the District to present
the accounts to him in the
manner required of the
Dear Mr. Calvert:  other State agencies.

You have requested our opinion as to the method of
disbursement of an appropriation of Ten Thousand Dollars to
the Runnels County Water Improvement District. Your specific
question is whether, in view of the wording of the appropria-
tion, you should issue the $10,000.00 in a lump sum to the
District for its use in the next biennium, or whether you should
require specific vouchers of requisition from the officers of
the District, and pay claims against the District as they arise.

The appropriation involved is House Bill 403, Acts
55th Legislature, Regular Session, 1957, Ch. 444, p. 1319, which
is as follows:

"There is hereby appropriated for the use
of the Runnels County Water Improvement Dis-
trict out of the General Revenue Fund the sum
of Ten Thousand Dollars ($10,000.00), which may
be withdrawn from the State Treasury from time
to time as needed by warrants drawn by the State
Comptroller on the State Treasurer pursuant to
requisitions signed by the President and the
Secretary of the Board of Directors of the Dis-
trict. This appropriation shall be treated as
a loan from the State of Texas to the District,
and shall be repaid to the State of Texas from
the first revenue of the District."

Honorable Robert S. Calvert, Page 2 (WW-187).

We have been able to find only one similar situation in our opinion files or in the case law of the State, that being Opinion No. MS-88, concerning the legality of issuing a single warrant to the Sabine River Authority for a Thirty Thousand Dollar loan made by the Legislature in 1953. In this opinion it was pointed out that the Sabine River Authority had its own depository, and the appropriation was payable to the Authority. The writer concluded that the appropriation was to be paid over to the Authority in a lump sum.

Another appropriation, made by the Legislature in 1951, made a loan of Ten Thousand Dollars to the Sabine River Authority, which provided that the sum "may be withdrawn from time to time on warrants signed by the President and the Secretary of the said Sabine River Authority." This appropriation was made "for the use of the Sabine River Authority", and was not directly to the Authority. The opinion points out that this appropriation was paid out by specific warrants and not in a lump sum. Still a third appropriation to the River Authority in 1949 was paid out in a lump sum, the provisions of the appropriation for that year reading very similar to the 1953 appropriation.

Therefore this opinion indicates, although the opinion specifically provides that it is not decided, that the above quoted provision from the 1951 appropriation means that the money is to be withdrawn on specific warrants.

The language in the instant appropriation is even more indicative of the Legislature's intent to have the money withdrawn on specific warrant than was the appropriation to the Sabine River Authority in 1951. The Legislature in the appropriation to the Runnels County Water Improvement District has added the words, "as needed" and "pursuant to requisitions and signed by the President and Secretary of the Board of Directors of the District." The appropriation to the Runnels County District further provides that the money is to be "for the use of" the district, and the appropriation is not directly to the district as was the appropriation to the Sabine River Authority in 1953. The appropriation to the Runnels County District is similar in most respects to the Sabine River Authority appropriation in 1951, which was paid out to specific claimants of the Authority and not in a lump sum. We think we should follow this prior determination.

In view of the fact that the Runnels County Water Improvement District does not have a provision for a specific depository, and in view of the Legislature's use of the above quoted terms, including "for the use of", it is our opinion

that the sum appropriated to the Runnels County Water Improvement District is to be paid to the claimants of the District, as requested by the President and Secretary of the Board of Directors by requisition, and that the appropriation is not to be paid in a lump sum to the District.

## SUMMARY

The appropriation made by House Bill 403, Acts 55th Leg. R.S. 1957, Ch. 444, p. 1319, is to be paid by the State Comptroller of Public Accounts to the claimants of the District pursuant to specific requisitions signed by the President and Secretary of the Board of Directors of the District, and is not to be paid to the District in a lump sum.

Very truly yours,

WILL WILSON
Attorney General of Texas

By John H. Minton, Jr.
Assistant

JHM:pf

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

J. C. Davis, Jr.

W. V. Geppert

John Reeves

William E. Allen

REVIEWED FOR THE ATTORNEY GENERAL

By: James N. Ludlum.